## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Neofito Castañeda, individually and on behalf of
themselves and all other similarly situated persons,
known and unknown,

Case No. 23-cv-03297

Plaintiff(s),

v.

Bridgford Food Processing Corp. and
Accurate Personnel LLC,

Defendants.

## AMENDED CLASS ACTION COMPLAINT

**Plaintiff,** Neofito Castañeda ("Plaintiff") individually and on behalf of themselves and all

other similarly situated persons, known and unknown (the "Proposed Class"), by their attorneys,

Daniel I. Schlade and James M. Dore of Justicia Laboral, LLC, complains against Bridgford

Food Processing Corp. ("Bridgford Food" or "Defendant") and Accurate Personnel LLC

("Accurate Personnel" or "Defendant"), hereinafter collectively referred to as ("Defendants"),

and in support of this Complaint, states:

### Introduction and Parties

1.      This class action seeks redress for Defendants' willful violations of the Illinois Biometric

Information Privacy, Act, 740 ILCS 14/1, *et, seq.* ("BIPA") for failure to comply with Illinois'

requirements for gathering individuals' biometric data.

2.      Plaintiff is a resident of Chicago, Illinois; and they are or were employed by Defendants.

3.      Defendant Bridgford Foods Processing Corp. is a corporation in the business of dry and

processed meats, including in Chicago, Illinois. During relevant periods, upon information and

belief, Defendant employed in excess of 50 different employees.  On information and belief, Bridgford is incorporated in California, and its principal place of business is in Texas.

4.　　Defendant Accurate Personnel LLC is a limited liability company in the business of providing temporary job services and direct hire, including in Schaumburg, Illinois.  During relevant periods, upon information and belief, Defendant employed in excess of 300 different employees.  The residence of each of its individual members is unknown to Plaintiff.

5.　　This claim was originally filed in the Circuit Court of Cook County, Illinois as Case No. 2023CH02088.  Defendant Bridgford Foods Processing Corp. removed the case to the Northern District of Illinois.

6.　　Venue is proper in the Northern District of Illinois because all or most underlying facts and transactions occurred in Chicago, Illinois, and Plaintiff resides in Chicago, and Defendants transact business in Chicago, Illinois.

## COUNT I
## Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq

7.　　Plaintiff reincorporates by reference Paragraphs 1 through 6, as if set forth in full herein for Paragraph 7.

8.　　BIPA defines a "Biometric Identifier" as any personal feature that is unique to an individual, including fingerprints, palm scans, and face/facial feature/retinal scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics".

9.　　This count concerns the taking and/or misuse of individuals' biometrics by Defendants Bridgford Foods Processing Corp. and Accurate Personnel LLC, without informing Plaintiff and

the other Class Members in writing with a detailed retention schedule and guidelines for permanently destroying their biometric information.

10.     Defendants were and/or are capturing, storing, using, and/or disseminating the Biometric Information of Plaintiff and other Class members without their informed written consent, including a detailed retention schedule and guidelines for the permanent destruction of their biometric information identifiers as required by law.

11.     As a condition of commencing and continued employment with Defendants, Plaintiff and the other class members had to consent in writing to a "BIOMETRIC TIME CLOCK - ASSOCIATE CONSENT FORM".  Plaintiff and the other class members had to agree to use Defendants Biometric timekeeping system to clock in and out of their shifts with Defendants.

12.     Defendants' biometric technology captures, collects, or otherwise uses Biometric identifiers from Plaintiff and the other Class members when they punch in and out of Defendants biometric timekeeping system. This information is collected when Plaintiff and the other class members used the biometric system for the first time.  This data could be an image of the shape of the hand, finger, iris, retina, face, or other features taken by a scan, which Defendants called "minutia", as stated in Defendant's Biometric Consent Form.

13.     Defendants created biometric templates from the minutia

14.     A biometric template is a digital representation of the unique features that have been extracted from the Plaintiff and other class members' biometric identifiers, which are then used in the biometric identification process by the Defendants. These biometric templates are then stored in a biometric database.

15.     According to Defendants' Biometric Consent Form, when Plaintiff or other class member clocks in or out of work, the system would match the "minutia" to the "securely saved biometric template".

16.     Biometric technology allows companies to reduce timekeeping fraud and/or acquire other efficiencies for their business. Unfortunately, along with the increased utility of biometric technology, so too come grave privacy risks associated with the unauthorized or malicious dissemination of this information.

17.     The risk of harm is greatly magnified when biometrics are obtained in violation of reasonable regulations designed to protect individuals' irreplaceable information. The permanent and irreplaceable nature of one's biometrics makes the illegal collection of the same a significant public problem with far-reaching consequences, including irreversible identity theft.

18.     Recognizing the irreversible harm presented by allowing the unregulated collection and use of biometrics, Illinois passed the BIPA, a statute addressing the collection, use, retention, possession, and dissemination of biometrics by private entities, such as Defendants'.

19.     Under BIPA, a biometric system, such as Defendants' system, is legal if, and only if, Defendants first:

> (1) informs the person whose biometrics are to be collected in writing that biometric identifiers or biometric information will be collected or stored;
>
> (2) informs the person whose biometrics are to be collected in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;
>
> (3) receives an executed written release from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric

information; and

(4) publishes publicly available retention guidelines for permanently destroying biometric

identifiers and biometric information. 740 ILCS 14/15(a).

20.     Compliance with BIPA is straightforward and may be accomplished through a single,

signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to

make an informed decision when electing whether to provide or withhold biometrics.

21.     Defendants' biometric timekeeping system works by extracting biometric information

from individuals, such as fingerprints and/or facial scans, or portions thereof; and subsequently

using the same for authentication and timekeeping purposes.

22.     Plaintiff brings this action for damages and other remedies resulting from the actions

of Defendants in capturing, storing, using, and disseminating his/her biometrics, and those other

individuals throughout the state of Illinois, without an informed written consent which informed

them through a publicly available policy of how and when the subject biometrics would be

stored or disposed of, in direct violation of the Illinois BIPA.

23.     On behalf of themself and the proposed Class defined below, Plaintiff seeks an injunction

requiring Defendants to comply with BIPA, as well as an award of statutory damages to the

Class members and common law monetary damages to be determined at trial, together with costs

and reasonable attorneys' fees.

24.     During the relevant time, Plaintiff worked at Defendant Bridgford Food Processing

Corp.'s premises and used a biometric timekeeping system which belonged to Defendant

Accurate Personnel LLC.

25.     Defendants use biometric scanning technology to monitor and track its employees' and

other staffers, including Plaintiff's time.

26.     For the time period of November 27, 2021, through November 28, 2022, of Plaintiff's employment at Defendant Bridgford Food Processing Corp.'s facilities, they were required to scan their fingerprints, facial features and/or other biometrics into Defendant Accurate Personnel LLC's biometric timekeeping device each time they needed to "clock-in" and "clock-out". The system ensures that Plaintiff could only verify their attendance and timeliness using the device. Defendants were aware that Plaintiff and other Class members would be required to utilize the biometric timekeeping technology.

27.     Defendants violated Section 15(b)(2) of the BIPA because the consent provided to Plaintiff and members of the Proposed Class fails to disclose the length of term that their biometric data is being collected, stored, and used.

28.     Defendants were aware, or reckless in failing to be aware, that its employees and staffers would be subject to its biometric technology. Defendants were aware that its biometric technology would be capturing, collecting, utilizing, and/or disseminating the biometrics of Plaintiff and the Class members.

29.     Prior to taking Plaintiff's biometrics through its biometric technology, Defendants provided Plaintiff with a document titled "BIOMETRIC TIME CLOCK -ASSOCIATE CONSENT FORM".  In the document, Defendants informed Plaintiff in writing that their biometrics were being collected, stored and used for timekeeping purposes.

30.     In the Biometric Consent Form, Defendants stated that the employees' biometric "minutia" would be immediately destroyed once the biometric identification for a particular employee was done.  However, Defendants did not inform in writing how long they were going to store Plaintiff and the other class members' stored biometric templates, as well as of a biometric retention schedule and guidelines for permanently destroying the biometric templates.

31.     Additionally, Defendants did not obtain written consent from Plaintiff or the other class members for the dissemination of their biometric templates to third parties.

32.     To this day, Plaintiff is unaware of the status of their biometric templates obtained by Defendants. Defendants have not informed Plaintiff whether it still retains their biometric templates, and if they do, for how long it intends to retain such information without his consent.

33.     Plaintiff and/or members of the Class have been aggrieved as a result of Defendants' violations of BIPA, and they may have suffered pecuniary damages in the form of lost wages, diminution in the unique identifying value of his biometrics, and other costs associated with identity protection.

34.     Furthermore, Defendants are jointly and severally liable for any violation of the BIPA. BIPA applies to "private entit[ies]", which include "any individual, partnership, corporation, limited liability company, association, or other group, however organized" and Defendants are, at a minimum, an "association, or other group, however organized" by virtue of the fact that Accurate supplied personnel to work for Bridgford pursuant to a contract and agreement, and they each exercised control over Plaintiff and members of the proposed class.

35.     At the time Plaintiff's biometrics were captured, Defendants did not have a publicly available policy of informing individuals, including Plaintiff, of what happens to their biometrics after they are captured, whether the information is disseminated to a third party and, if so, which third party, and what would happen to the data if Defendants were to be acquired or file bankruptcy.

36.     Plaintiff and/or members of the Class have been aggrieved by Defendants' violation of BIPA, since Plaintiff were denied the written disclosures, releases and other information required

by Section 15 of BIPA, and thus Plaintiff and/or members of the Class were deprived of: informed consent with respect to the taking of their biometric data; access to Defendants' biometric privacy and/or other such rights afforded by BIPA.

37.     By failing to comply with BIPA, Defendants have violated Plaintiff's substantive state rights to biometric information privacy. Each and every instance that Defendants took Plaintiff's and members of the proposed class's Biometric Information constituted a violation of BIPA. Pursuant to Section 20 of the BIPA, Defendants are liable to Plaintiff for $1,000.00 for each and every negligent violation of the BIPA; and $5,000.00 for each and every intentional or reckless violation of the BIPA. Likewise, Defendants are liable to each member of the proposed class for $1,000.00 for each and every negligent violation of the BIPA; and $5,000.00 for each and every intentional or reckless violation of the BIPA.

## Class Allegations

38.     Plaintiff brings this action on behalf of themselves and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

        Class: All of Bridgford Foods Procesing Corp. and Accurate Personnel LLC's current and former employees or agents and staffers whose Biometric Information were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period.

39.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

40.     Upon information and belief, there are at least 350 members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' personnel records.

41.     Plaintiff's claims are typical of the claims of the members of the Class they seek to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' BIPA violations and common law transgressions.

42.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

      a.      Whether Defendants' timekeeping technology and associated conduct is subject to BIPA;

      b.      Whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

      c.      Whether Defendants obtained a legally compliant written and executed release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

      d.      Whether Defendants provided a written disclosure that explains the specific purposes,and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

      e.      Whether Defendants' conduct violates BIPA;

f.      Whether Defendants' conduct is negligent;

g.      Whether Defendants' violations of the BIPA are willful or reckless; and

h.      Whether Plaintiff and the Class are entitled to damages and injunctive relief;

i.      Whether Defendants provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics.

43.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

44.      Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

45.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

46.     Defendants are private entities under BIPA.

47.     BIPA requires private entities, such as Defendants, to obtain informed written consent

from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject ... in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3)receives a written release executed by the subject of the biometric identifier or biometric information ....". 740 ILCS 14/15(b).

48.     Illinois's BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

49.     Plaintiff and the other Class members have had their "biometric identifiers", namely their fingerprints and facial features, collected, captured, received or otherwise obtained by Defendants and/or its technology. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

50.     Each instance Plaintiff and the other Class members had their fingerprints and/or facial features scanned into Defendants' biometric devices, Defendants and/or its technology captured, collected, stored, and/or used Plaintiffs and the other Class members' biometric identifiers or

biometric information without a valid consent and without complying with and, thus, in violation of BIPA.

51.     Defendants 'practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

a. Defendants failed to inform Plaintiff and the members of the Class in a legally compliant writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendants failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendants failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendants failed to obtain a legally compliant written release, as required by 740 ILCS 14/15(b)(3);

e. Defendants failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS14/15(a); and/or

f. Defendants failed to obtain informed consent to disclose or disseminate the Class's biometrics, as required by 740 ILCS 14/15(d)(1).

52.     By designing and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendants profited from Plaintiff and the Class members' biometric identifiers and biometric information in

violation of 740 ILCS 14/15(c). Defendants knew, or was reckless in not knowing, that the biometric systems it was selling, maintaining, and/or servicing would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

53.     By capturing, collecting, storing, using, and disseminating Plaintiff and the Class members' biometrics as described herein, Defendants denied Plaintiff and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in the BIPA.

54.     Had Defendants informed Plaintiff that he was not being provided with the required information regarding his biometrics and the biometric timekeeping program it was providing as required by law, or that the biometric technology it was providing was not legally compliant, they may not have worked in the subject employment conditions or agreed to provide his biometrics without additional compensation.

55.     Further, had Defendants provided Plaintiff with all required disclosures, they at least would have been able to make an informed decision concerning material facts of the work environment, including whether the rate of pay and opportunity cost justified participating in the biometric timekeeping program.

56.     The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA. 740 ILCS 14/20(1).

57.     Defendants' violations of the BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with BIPA.

        **Wherefore**, Plaintiff, on behalf of themselves and the proposed Class, prays for:

a.    the certification of the Class as defined above, appointing Plaintiff as class

representative and the undersigned as class counsel;

b.    a declaration that Defendants' actions violate BIPA;

c.    an award of injunctive and equitable relief as necessary to protect the interests of

Plaintiff and the Class by requiring Defendants to comply with the BIPA

requirements for the capture and collection of biometrics, as well as

requiring Defendants to comply with the written retention policy requirements of

740 ILCS 14/15(a);

d.    an award of statutory damages of $5,000 for each willful and/or reckless violation

of BIPA, pursuant to 740 ILCS 14/20(1), more specifically, an award of $5,000

for each and every time Defendants took Plaintiff's and the Class's biometric

information;

e.    an award or statutory damages of $1,000 for each negligent violation of BIPA,

pursuant to 740 ILCS 14/20(3), more specifically, an award of $1,000 for each

and every time Defendants took Plaintiff's and the Class's biometric information;

f.    an award of reasonable attorneys' fees, costs, and other litigation expenses

pursuant to 740 ILCS 14/20(3); and/or

g.    Grant such additional or alternative relief as this Honorable Court deems just and

proper.

Neofito Castañeda, Individually And On Behalf Of
Themselves And All Other Similarly Situated Persons,
Known And Unknown,


Daniel I. Schlade
By, one of their attorneys

Daniel Schlade (#6273008)
James Dore (#6296265)
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
dschlade@justicialaboral.com
jdore@justicialaboral.com